IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 2 8 2003

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA
BY_____, DEPUTY

| | |
|---|---|
| DANIEL SALTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-02-308-T |
| ) | |
| CARRIAGE SERVICES OF ) | |
| OKLAHOMA, L.L.C. and ) | |
| CARRIAGE FUNERAL ) | |
| HOLDINGS, INC., ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

The Plaintiff has moved to compel, and the Defendants have requested a protective order. The parties do not disagree on the discoverability of the documents. Instead, the dispute involves only the necessity of a protective order and the justification for the terms proposed by the Defendants.

The Court finds justification for a protective order, as much of the material requested is confidential. *See* Fed. R. Civ. P. 26(c)(7).[1] Thus, the Court addresses the terms that are appropriate for the protective order. The Court concurs with some of the Plaintiff's concerns, but disagrees with some. Accordingly, the Court grants in part and denies in part the Plaintiff's motion to compel discovery and the Defendants' motion for a protective order.

---

[1] The Court concludes that oral argument is unnecessary in light of the briefing that has taken place.

The following order provides reasonable safeguards for the protection of confidential information to be supplied by the Defendants.

1.    The term "Confidential Material" as used in this Protective Order shall mean all information and documents, which: (a) have not been made public or otherwise published by the defendants; and (b) involve a trade secret or information that is proprietary or involves confidential materials affecting personnel, business or financial matters. The information is described in the attached Exhibit "A". If opposing counsel disagrees with that designation, the opposing counsel may file appropriate motions with the Court. The distribution of "Confidential Material" will be restricted to "Qualified Persons" defined below and is not to be divulged to any others, unless: (a) disclosure to others is subsequently authorized by this Court; (b) disclosure is subsequently authorized by the party producing the items; (c) the confidentiality is waived by the party producing it; or (d) the information is or otherwise becomes available to the public in the United States.

Any item deemed to be "Confidential Material" shall be so designated by one of the counsel for the party producing it, and such designation by counsel constitutes a representation on the part of such counsel that the document, material or other information so designated is legitimately "confidential".

2.    All Confidential Material shall be used only for the purposes of this litigation. Copies of Confidential Material will only be distributed to the following individuals (hereinafter referred to as "Qualified Persons"):

(a) Counsel of record for the respective parties to this litigation and regular employees of such counsel who are working directly with and under the supervision of such counsel in the prosecution or defense of this litigation.

(b) The plaintiff, Daniel K. Salter.

(c) An expert expressly retained by counsel of record in this action to assist in the preparation of this action for trial.

(d) Persons whom counsel of record believe are likely to be called to give testimony on matters relating to Confidential Material, provided that such individuals shall have access only to that portion of Confidential Material relevant to their expected testimony. Any such person may only be shown Confidential Material in preparation for and during his testimony and in preparation thereof, and may not retain any Confidential Material in the absence of leave of Court.

(e) The Court and its personnel in the conduct of their official duties.

3. If filed, any Confidential Material shall be filed under seal with the Clerk of the Court. Such sealing shall continue until further order of this Court. With respect to the filing of any paper (including, without limitation, an affidavit, memorandum or motion) that discloses all or part of any Confidential Material, the portion thereof disclosing the Confidential Information shall be filed under seal. However, the parties shall ensure that documents are not unnecessarily filed under seal.

4. A party may designate as Confidential Material such portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential Material.

3

The person desiring to designate any portion of a deposition as Confidential Material shall do so on the record while the deposition is being taken, either personally or through counsel. In addition, if a document previously designated as Confidential Material is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential Material regardless of whether any person makes a formal designation. Any portion of any deposition testimony that is not designated as Confidential Material shall not be entitled to the protection afforded under this Protective Order.

5. Confidential Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using such Confidential Material shall cause it to be filed separately under seal with the Clerk of the Court. All papers that contain Confidential Material and which are submitted to or filed with the Court shall be submitted or filed in a sealed envelope bearing the following legend clearly written on the face of the envelope under the name and case number of this litigation:

<u>CONFIDENTIAL – SUBJECT TO COURT ORDER</u>

> The contents of this envelope are subject to a Protective Order entered by the Court in the above-captioned case, shall be treated as confidential <u>and must not be shown to any person except as authorized by an order of the Court</u>.

6. When disclosing Confidential Material to a Qualified Person, counsel shall fully advise the person of the Protective Order or provide a copy of the Protective Order. In this situation, counsel shall explain to such persons that they are bound by this Protective Order. In addition, all persons identified in Paragraph 2(b)-(d) shall execute the form

4

attached hereto as Exhibit "B" and agree thereby to abide by the terms and conditions of this Protective Order. The form must be executed prior to the disclosure of any Confidential Material to the Qualified Person to whom the Confidential Material is contemplated to be disclosed. These forms must be maintained by the party (or his representative) who discloses the Confidential Material to the person identified in Paragraph 2(b)-(d). If a dispute arises, the party or representative must be able to furnish such forms for inspection by the Court or otherwise, if ordered to do so. *See* Fed. R. Civ. P. 26(c).

7.  The provisions of this Protective Order shall not terminate at the conclusion of this action. At the time of the termination of this action, all Confidential Material and all copies of same shall be returned to the party producing such material, or if not returned shall be maintained solely in the possession of plaintiff's attorneys, Jana and Jason Leonard, and not the plaintiff, until such time that all copies are completely and totally destroyed by them.

The Court declines to assess attorney fees or other costs against any party, as all parties had "substantial justification" for their respective positions. *See* Fed. R. Civ. P. 37(a)(4).

So ordered this 28th day of March, 2003.

Robert E. Bacharach
United States Magistrate Judge

## EXHIBIT "A"

1. All Unaudited Detail Income Statements of defendants and units of defendants.

2. All Cemetery Unaudited Income Statements.

3. General Price List of Resthaven Funeral Home.

4. Casket Price List for Resthaven Funeral Home.

5. "From the Heart Colection" price list for Resthaven Funeral Home & Memory Gardens.

6. All personnel records of defendant's employees produced by defendant to plaintiff, including, but not limited to, the personnel files of

7. S.T.A.R Objectives of defendants and units of defendants, and the actual results compared to S.T.A.R. Objectives.

8. All Unaudited Income Statements (Consolidated) of defendants and units of defendants.

9. All documents reflecting Quotas of defendants and units of defendants, and the actual results compared to quotas.

10. All documents reflecting Sales Quotas of defendants and units of defendants, and the actual results compared to quotas.

11. All documents reflecting Success Reports of defendants and units of defendants, the actual results compared to quotas, Combined Success Report Quarterly Updates, and Success Reports for periods longer than quarterly.

12. All documents reflecting Family Service Analyses.

13. All documents reflecting Family Service Success Reports.

14. All data, text and images on CD entitled Experience Personalization: Recipes and Ceremonies for Success.

15. All data, text and images on CD entitled Experience Personalization: Carriage Environment Slide Show.

16. Payroll notifications of terminated employees.

## EXHIBIT "B"

## AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Western District of Oklahoma on the 28th day of March, 2003, in the action entitled *Daniel Salter v. Carriage Services of Oklahoma, L.L.C. and Carriage Funeral Holdings, Inc.*, Case No. CIV-02-0308-T, understands the terms thereof, and agrees to be bound by such terms. Further, the undersigned understands that a violation of this Order may subject him/her to the contempt powers of the United States District Court for the Western District of Oklahoma.

_____       _____
DATE                                                    SIGNATURE

1205141.1.